Stuart M. Price, CA #150439
PRICE LAW GROUP, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5564
F: (818) 600-5464
stuart@pricelawgroup.com
*Attorneys for Plaintiff,*
*Allison Crostic*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| ALLISON CROSTIC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>　　　　　Defendant. | **Case No. 5:18-cv-549**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1. TCPA, 47 U.S.C. § 227<br>　2. TDCPA, Tex. Fin. C. § 392.302(4)<br>　3. Unreasonable Collection Efforts |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Allison Crostic ("Plaintiff"), by and through her attorneys, alleges the following against Capital One Bank (USA), N.A. ("Defendant"):

## **INTRODUCTION**

This is a four-count complaint based on Defendant's harassing or abusive calls to Plaintiff, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. C. § 392.301 *et. seq.*, as well as the common law torts of "unreasonable collection efforts" and "intrusion upon seclusion".

**JURISDICTION AND VENUE**

1. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

3. Defendant transacts business in the state of Texas; therefore, personal jurisdiction is established.

**PARTIES**

4. Plaintiff is a natural person residing in San Antonio, Texas.

5. Plaintiff is a "consumer" as defined under Tex. Fin. C. § 392.001(1).

6. Defendant's principal place of business located at 1680 Capital One Drive, McLean, VA 22102-3491.

7. Defendant is a "creditor" as defined under Tex. Fin. C. § 392.001(3).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

9. Defendant is attempting to collect a debt from Plaintiff in the amount of $456.00.

10. In or around October of 2017, Defendant began placing calls to Plaintiff's cellular phone number (916) 337-9186, in an attempt to collect the debt.

11. The calls originated from the telephone numbers (866) 953-7906; and (800) 955-6600. Upon information and belief, these numbers are owned or operated by Defendant.

12. On or about September 20, 2017, at around 8:31 p.m., Plaintiff answered a call from Defendant and spoke with a representative.

13. Defendant informed Plaintiff that it was attempting to collect a debt.

14. During that call, Plaintiff instructed Defendant's representative to stop calling Plaintiff. Despite Plaintiff's instruction, Plaintiff continued to receive calls on her cellular phone.

15. Between and including October 4 and December 18 of 2017, Defendant called Plaintiff nearly every day, some days multiple times a day, despite Plaintiff having revoked her consent to be called.

16. For example, on November 14, 2017, Defendant made calls to Plaintiff's cellular phone at 10:47 a.m., then again at 12:02 p.m., and yet again at 6:28 p.m.

17. Defendant called Plaintiff on her cellular telephone no less than fifty-five (55) times, despite her revocation of consent to be contacted by Defendant.

18. The FCC noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce

COMPLAINT AND DEMAND FOR JURY TRIAL

numbers and dial those numbers at random, in sequential order, or from a database of numbers." 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

19. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

20. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

21. Defendant placed calls to Plaintiff in a manner to predict the times she was available to answer her phone, indicating the use of a predictive dialer. After receiving calls at seemingly random times, the calls became more consistent at certain times of the day.

22. The conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

23. Further, the conduct was done with such frequency so as to harass and/or abuse Plaintiff.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, shame, worry, grief, anguish, humiliation, and physical and mental pain.

25. Further, Defendant's calls often occurred while Plaintiff was busy with her daily activities and disrupted her day. Defendant calling Plaintiff frequently and at any time during the day was disruptive of her duties and obligations. Defendant placed

calls to Plaintiff's cellular phone while Plaintiff was at work, even during conference calls for work. Defendant would also call Plaintiff while she was in graduate school or working on homework or projects for graduate school.

26. Defendant called Plaintiff so many times that Defendant would cause Plaintiff's voice mailbox to fill up.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone

- 5 -  COMPLAINT AND DEMAND FOR JURY TRIAL

dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

29. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **COUNT II**
### **(Violations of the TDCPA, Tex. Fin. C. § 392.302(4))**

30. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

31. Defendant violated the TDCPA by "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." Tex. Fin. C. § 392.303(4).

32. Defendant's acts, as described above, were done intentionally with the purpose of harassing or abusing the Plaintiff to pay the alleged debt.

33. As a result of the foregoing violations of the TDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the TDCPA, actual damages, exemplary damages, and attorney's fees and costs.

//

//

## COUNT III
**(Unreasonable Collection Efforts)**

34. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

35. Defendant is liable to Plaintiff under the tort of "unreasonable collection efforts", because Defendant intentionally or recklessly harassed and caused severe emotional distress on Plaintiff, to force Plaintiff to repay the debt.

36. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. Defendant's actions —calling Plaintiff no less than fifty-five times— were extreme and outrageous, especially in relation to the amount of the debt —$456.00—.

38. Defendant's actions caused Plaintiff severe emotional distress because Defendant would call Plaintiff at her cellular phone on a daily basis, some days multiple times a day, and at any time of the day, thus disturbing Plaintiff's daily activities.

39. As a result of Defendant's actions, Plaintiff suffered severe emotional distress, including embarrassment, shame, worry, grief, and humiliation.

40. As a result of Defendant's unreasonable collection efforts, Defendant is liable to Plaintiff for actual and exemplary damages.

## COUNT IV
**(Intrusion Upon Seclusion)**

41. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

42. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person."

43. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff instructing Defendant to stop calling.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant, after Plaintiff instructed Defendant to stop calling, constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls almost every day, sometimes multiple times a day, at any time during the day and would disrupt Plaintiff's daily activities.

44. Defendant's acts, as described above, were done intentionally with the purpose of harassing and/or coercing Plaintiff to pay the alleged debt.

45. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for every claim triable by jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Allison Crostic respectfully requests judgment be entered against Defendant, Capital One Bank (USA), N.A. for the following:

A.   Declaratory judgment that Defendant violated the TCPA willfully;

B.   Statutory damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C.   Declaratory judgment that Defendant violated the TDCPA intentionally or recklessly;

D.   Actual damages pursuant to Tex. Fin. C. §392.403(a), and unreasonable collection efforts, and intrusion upon seclusion;

E.   Punitive and/or exemplary damages for Defendant's unreasonable collection efforts, and intrusion upon seclusion;

F.   Costs and reasonable attorney's fees pursuant to Tex. Fin. C. §392.403(c);

G.   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H.   Any other relief that this Court deems appropriate.

//

//

//

//

RESPECTFULLY SUBMITTED,

Dated: 6/4/18

By: */s/ Stuart M. Price*
Stuart M. Price, CA #150439
PRICE LAW GROUP, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5564
F: (818) 600-5464
stuart@pricelawgroup.com
*Attorneys for Plaintiff,*
*Allison Crostic*